IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02496-REB-MJW

EPIAH BHOMENGO,

Plaintiff(s),

v.

HOSPITAL SHARED SERVICES, INC., aka HSS, Inc.,

Defendant(s).

---

## RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS COMPLAINT
## PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE
## (Docket No. 13)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case was referred to this court pursuant to an Order Referring Case issued

by District Judge Robert E. Blackburn on September 28, 2012 (Docket No. 7).

On September 19, 2012, the then pro se plaintiff filed a Title VII Complaint

(Docket No. 1) that was dated that same day.

Now before the court for a report and recommendation is the Defendant's Motion

to Dismiss Complaint Pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure

(Docket No. 13).  Plaintiff, through counsel, filed a Response (Docket No. 18), and

defendant filed a Reply (Docket No. 19).  The court has considered these motion

papers, the court's file, and applicable Federal Rules of Civil Procedure and case law.

The court now being fully informed makes the following findings, conclusions of law, and

recommendation that the motion to dismiss be granted.

2

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp., 550 U.S. at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Plaintiff asserts employment discrimination claims under Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*   Defendant correctly asserts that the plaintiff's claims here are time-barred.  "A plaintiff asserting a claim under . . . Title VII must file suit within 90 days after receiving a right-to-sue letter from the EEOC."  Robinson v. Dean Foods Co., 2009 WL 723329, at *2 (D. Colo. Mar. 18, 2009) (citing 42 U.S.C. § 2000e-5(f)(1)). "It is well settled that the 90-day period for filing a civil lawsuit after final disposition of a complaint by the EEOC is 'a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling,' . . . . Thus, the requirement is not jurisdictional but is in the nature of a statute of limitations." Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1267 (10th Cir. 1996) (citations omitted).

Here, plaintiff avers in her Title VII Complaint that she "received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on June 20, 2012 (date)."  (Docket No. 1 at 2, ¶ 8).  Plaintiff, however, did not file her Complaint until 91 days later on Wednesday, September 19, 2012.  (Docket No. 1).  The Complaint is also dated September 19, 2012.  (Docket No. 1 at 4).

"The ninety-day time limit is strictly administered."  Saldana v. Atlas Pac. Eng'g Co., 2009 WL 1965492, at *4 (D. Colo. July 8, 2009).  Nothing in the record indicates that waiver, estoppel, or equitable tolling are applicable in this case.  In her Response, plaintiff (through counsel) merely asserts:

> Plaintiff initiated this case pro se, as she was unable to afford an attorney at the time.  The Plaintiff is from Zaire and her first language is French.  The Plaintiff has very limited legal knowledge or resources and no legal training.  The Plaintiff alleges the Defendant violated her Title VII Civil Rights.  The laws of the United States are aimed specifically to

prevent the discriminatory actions alleged by the Plaintiff that have hindered this nation.

. . . This Court may waive the time requirement in an equitable consideration of Plaintiff's situation.  The seriousness of the Plaintiff's allegations in this matter requires such consideration. . . .

(Docket No. 18 at 2).

Generally, however, equitable tolling is warranted only if the circumstances of the case "rise to the level of active deception which might invoke the powers of equity." Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir. 1979).  Thus, equitable tolling may be appropriate when the plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts," Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984) (internal quotation marks omitted), or, if the plaintiff is "actively misled" or "has in some extraordinary way been prevented from asserting his or her rights."  Id. (internal quotation marks omitted).

In this case, plaintiff has failed to establish that such circumstances are present or that there are any "exceptional circumstances" present which are required by most courts to toll the statute.  Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1268 (10th Cir. 1996).  The lack of knowledge of the law does not warrant equitable tolling. See Montoya v. Chao, 296 F.3d 952, 958 (10th Cir. 2002) (Plaintiff's "difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner."); Gatewood v. Railroad Retirement Bd., 88 F.3d 886, 890 (10th Cir. 1996) ("[W]e are aware of no authority . . . which suggests that ignorance of the law should warrant equitable tolling of a statute of limitations.").  Furthermore, even though plaintiff commenced this action pro se, she was nonetheless required to file her claim timely.

5

Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (Even though a pro se litigant's pleadings are construed liberally, plaintiff must still "follow the same rules of procedure that govern other litigants.") (quotations and citations omitted). In addition, while plaintiff asserts that French is her first language, she makes no showing that she nevertheless has an inability to read and understand English.  Finally, equitable tolling is not warranted merely based upon sympathy for a particular litigant. As the Supreme Court has stated, "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants. . . . [I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (quotation marks omitted).

Therefore, accepting the allegations in the Complaint as true, the plaintiff's claims are time barred because her Complaint was submitted to this court after the ninety-day time limitation had expired, see Melendez v. Singer-Friden Corp., 529 F.2d 321, 323-24 (10th Cir. 1976) (plaintiff's Title VII claim filed one day late was deemed untimely), and she has not shown a basis for equitable tolling.  Consequently, the allegations in the plaintiff's Complaint are not sufficient to state a claim on which relief can be granted, and the defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 13) be granted.

6

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  January 4, 2013                                     s/ Michael J. Watanabe          
       Denver, Colorado                              MICHAEL J. WATANABE
                                                  United States Magistrate Judge